It is not a sound objection to the plaintiff's title, that the grant and demise in the lease of William D. Murphy is to a married woman. All persons, at common law, may be the grantees in a deed, because it is supposed to be for their benefit. Thus, an infant may be a purchaser in a deed, and at his full age may agree or disagree to it, at his pleasure. So, also, an estate may be conveyed to a married woman without the sanction of her husband. The conveyance will be good to pass the estate, unless the husband avoids it. A grant operates on the estate of the grantor, and will pass such estate as the grantor has in the premises, and no other. These are familiar principles. The right of the plaintiff, who is a married woman, to enjoy the estate granted by Murphy's lease to her, and to assert such right in a court of law, depends upon the force of the act of the 11th April, 1849, to amend the act for the more effectual protection of the property of married women.
The third section of the act, as amended, is most comprehensive in its terms. A married female "may take, by inheritance, or by gift, grant, devise or bequest, from any person other than her husband, and hold to her sole and separate *Page 79 
use, and convey and devise, real and personal property, or any estate or interest therein, and the rents, issues and profits thereof, in the same manner and with the like effect as if she were unmarried." These terms embrace every species of property known to the law. The lease from William D. Murphy bears date the 15th day of December, 1851, is executed under seal, in the presence of and attested by a subscribing witness, and thus has all the formalities of a deed in fee. It demises the premises in question, for the term of one year and five months from the 1st day of December, 1851, at a yearly rent of forty-five dollars, payable quarterly. Had the lessee been a feme sole, no one would have entertained a doubt that an estate for years vested in the lessee. I see no reason why the like estate would not vest in a feme covert. The grant is from a stranger and not from her husband, nor is it purchased or obtained by his means. No good reason can be assigned why a married woman may not, since the statute, take an estate for years, rendering rent, from a stranger. The question of the payment of rent has nothing to do with the vesting of the estate. It is a question between her and the landlord, and if the rent remains unpaid he may reënter. The object of the statute is remedial: to remove the disability which the common law attached to coverture, and to enable a married woman to have something which she might call her own, and to do something for her own subsistence and that of her offspring. The act should have a liberal construction. "This statute," as Mr. Justice MASON says, in Hurd v. Cass (9 Barb. S.C.R., 366), "undoubtedly was intended to vest the title to real estate conveyed to the wife during coverture, in her, and secure it to her sole and separate use, beyond the control of her husband and his creditors; and when the intention of the legislature is apparent, it is the duty of the courts to see that the design and object of the statute is not evaded by construction, but, on the contrary, is permitted to have full effect and operation." *Page 80 
The judgment should be reversed and a new trial granted, with costs to abide the event.
All the judges concurring,
Judgment reversed and new trial ordered.